**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4525**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TINA TURNER,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-03-274)

———————

Submitted:  February 23, 2005          Decided:  March 17, 2005

———————

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Donald L. Stennett, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Ojeda, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tina Turner was convicted by a jury for aiding and abetting a bank robbery, 18 U.S.C. §§ 2113(a), 2 (2000), and conspiracy to commit bank robbery, 18 U.S.C. § 371 (2000). She was sentenced to 41 months imprisonment. On appeal, she challenges the sufficiency of the evidence to support the jury's verdict and argues that the district court erred in denying her a reduction under U.S. Sentencing Guidelines Manual § 3B1.2 (2003) for being a minor participant in the robbery. We affirm.

To determine if there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). The court reviews both direct and circumstantial evidence and permits the Government the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is within the sole province of the jury, and the court will not reassess the credibility of

testimony.  United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).  We have reviewed the evidence presented at trial and find that the jury's verdict is sufficiently supported by the evidence.

Turner also argues that the district court erred in denying her motion for a downward adjustment under U.S. Sentencing Guidelines Manual § 3B1.2 (2003) for her mitigating role in the offense.  A defendant has the burden of showing by a preponderance of the evidence that she had a mitigating role in the offense. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999).  A two-level reduction may be made when a defendant is a minor participant, that is, one who "is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2(b), comment. (n.5).  The "critical inquiry is thus not just whether the defendant has done fewer 'bad acts' than [her] co-defendants, but whether the defendant's conduct is material or essential to committing the offense."  United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001) (internal quotation omitted).  Role adjustments are determined on the basis of the defendant's relevant conduct.  United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990).   The district court's determination concerning the defendant's role in the offense is a factual issue reviewed for clear error.  United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997).  We find no clear error in the district court's refusal to give the reduction at sentencing.

Accordingly, we affirm Turner's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED